IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER CHAUDHRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　Defendant. | Civil Case No.: 2:22-cv-1221 |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Amazon.com Services LLC ("Amazon") has removed the above-captioned action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. As grounds for removal, Amazon states:

**I.　　Nature of Removed Action.**

　　1.　　On July 26, 2022, Amber Chaudhry ("Plaintiff") filed this class action in the Court of Common Pleas of Allegheny County, Pennsylvania. The court designated the case GD-22-009302. The Complaint is attached as **Exhibit A**.

　　2.　　On July 28, 2022, Plaintiff served Amazon with the summons and the Complaint.

　　3.　　Plaintiff asserts one cause of action for violation of the Magnuson Moss Warranty Act ("the Act"). Complaint ¶¶ 53-60. Specifically, Plaintiff contends that Amazon "does not provide consumers with access to written warranties, prior to sale, in a manner that complies with the Pre-Sale Availability Rule" of the Act. *Id.* ¶ 6. Plaintiff alleges that she purchased a Waykar dehumidifier. *Id.* ¶ 36. Plaintiff contends that the "Warranty & Support" section of the page displaying a Waykar dehumidifier has a link to click for warranty information and that the link

1

displays a message instructing to "contact the seller directly for warranty information for this product." *Id*. ¶¶ 37-38. Plaintiff argues that this does not comply with the Act. *Id.* ¶ 39.

4. Plaintiff seeks to bring this claim on behalf of a class of "[a]ll persons in Pennsylvania who purchased one or more products from Defendant that (a) cost more than $15 and (b) included a written manufacturer's warranty." *Id.* ¶ 44.

5. The Complaint seeks "injunctive, declaratory, and other equitable relief" and "experts' fees, attorneys' fees, and the cost of prosecuting this action." *Id.* Prayer for Relief.

## II.   This Case Is Removable Under the Class Action Fairness Act.

6. The Class Action Fairness Act ("CAFA") extends federal diversity jurisdiction to class actions if the aggregate amount in controversy exceeds $5,000,000, there are at least 100 members of the proposed plaintiff class, and any member of the class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. §§ 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(6). Each of these requirements is met here.

### A.   This Case Is a Class Action.

7. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rule of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. Plaintiff seeks to bring this case as a class action under Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709—the Pennsylvania analog to Federal Rule of Civil Procedure 23—which authorizes a representative party to bring suit on behalf of a class. *Compare* Pa. R. Civ. P. 1702, 1708, 1709, with Fed. R. Civ. P. 23; *see also* Complaint ¶ 43. Accordingly, this case qualifies as a class action under CAFA.

### B.   The Aggregate Amount in Controversy Exceeds $5,000,000.

9. Although Plaintiff does not allege a specific amount in controversy, Plaintiff seeks declaratory and injunctive relief on a class-wide basis, as well as "experts' fees, attorneys' fees, and the costs of prosecuting this action." Complaint ¶ 60, Prayer for Relief .c-.d.

10. For a case to be removable under CAFA, the amount in controversy must exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(6). The amount in controversy is calculated by aggregating the claims of the individual class members, including the value of any declaratory or injunctive relief sought. 28 U.S.C. § 1332(d)(6). In determining the amount in controversy under CAFA, the value of requested injunctive relief may be considered from either the plaintiff's or the defendant's point of view.[1] Statutory attorneys' fees sought are also properly included in determining the jurisdictional amount. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

11. In this case, the proposed class includes "[a]ll persons in Pennsylvania who purchased one or more products from Defendant that (a) cost more than $15 and (b) included a written manufacturer's warranty." Complaint ¶ 44. Amazon estimates that the cost of compliance for Plaintiff's requested injunctive relief to be well in excess of $5 million. This includes, but is not limited to, the following estimated costs: costs to review and assess whether revisions are needed to particular product pages to comply with the requested injunctive relief, costs to revise any such product websites and links, costs to collect and maintain associated warranties for products over $15 that are subject to a written warranty, and costs to hire and train employees to respond to customer requests for warranties.[2]

---

[1] Although the Third Circuit has not ruled on the issue, CAFA allows a defendant's cost of compliance with an injunction or declaratory relief to be considered for purposes of the amount-in-controversy analysis. *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930 (E.D. Ark. 2008); *see also Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (defendant's cost of compliance considered for CAFA removal); *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1159–60 (C.D. Cal. 2013) (recognizing that under CAFA "the [either-party-viewpoint] rule should continue to be used to measure '[t]he value of the thing sought to be accomplished by the action'"); *McKinnon v. Restoration Hardware, Inc.*, 2022 WL 970882, at *4 (E.D. Mo. Mar. 31, 2022) (collecting cases); *Bernstein v. JP Morgan Chase & Co.*, 2009 WL 10699864, at *4 (S.D. Fla. Aug. 4, 2009) ("Under CAFA, courts are also able to determine the amount in controversy by looking at defendant's potential losses . . . .").

[2] The dollar estimates provided in this Notice merely reflect Amazon's understanding of the amounts *in dispute* in this case based on the Complaint and should not be construed as representing an admission that Plaintiff is entitled to any particular relief (or any relief at all) or

12. Plaintiff also seeks attorneys' fees. The Act allows a court to award a prevailing consumer "cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred." 15 U.S.C. § 2310(d)(2).

13. The prospect of a fee award in this matter adds at least $1,000,000 to the amount in controversy. The median billable rate for attorneys in Pennsylvania in the class action context is approximately $485 to $700 per hour. *See Chakejian v. Equifax Info. Servs., LLC*, 275 F.R.D. 201, 216–17 (E.D. Pa. 2011) (accepting rates of $125 to $175 for paralegals and $485 to $700 for partners); *Reibstein v. Rite Aid Corp.*, 761 F. Supp. 2d 241, 260 (E.D. Pa. 2011) (accepting rates of $650 for partners and $175–$225 for paralegals in a consumer class action litigation); *see also In re Shop-Vac Mktg. & Sales Pracs. Litig.*, No. 2380, 2016 WL 7178421, at *15 (M.D. Pa. Dec. 9, 2016) ("District courts in this Circuit have approved awards of attorneys' fees in class action settlements where an attorney's hourly rate reached $835.00/hour or averaged $681.15/hour."). District courts in the Third Circuit generally find that consumer class actions, including those brought under the statute at issue here, require a significant amount of attorney hours to litigate, even when a case terminates before judgment. *See Fleisher v. Fiber Composites, LLC*, No. CIV.A. 12-1326, 2014 WL 866441, at *14 (E.D. Pa. Mar. 5, 2014) (1,149.5 hours reasonable where case settled after pleading stage after some discovery was exchanged and reviewed by the parties); *Rossi v. The Proctor & Gamble Co.*, No. CIV.A. 11-7238 JLL, 2013 WL 5523098, at *10 (D.N.J. Oct. 3, 2013) (952 hours reasonable where case settled after pleading stage during the early stages of discovery). Cases proceeding to later stages require even more time. *See, e.g., In re Wellbutrin SR Antitrust Litig.*, No. CV 04-5525, 2011 WL 13392296, at **2, 6 (E.D. Pa. Nov. 21, 2011) (41,000 hours found reasonable where case was "well past discovery and virtually ready for trial at the time of settlement"); *see also In re Shop-Vac Mktg. & Sales Pracs. Litig.*, No. 2380, 2016 WL 7178421, at **9, 13, 16–17 (M.D. Pa. Dec. 9, 2016) (7,517.43 hours reasonable where case settled after discovery in multidistrict consumer class action case); *Hegab v. Fam. Dollar Stores,*

---

that Amazon may properly be required to incur any of the identified costs. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

*Inc.*, No. CIV.A. 11-1206 CCC, 2015 WL 1021130, at *13 (D.N.J. Mar. 9, 2015) (in employee misclassification class action case, finding over 1,000 hours of work reasonable where case settled only after extensive discovery). At the average rate of $650, claimed fees would be expected to exceed $1,000,000 even on the conservative assumption that Plaintiff's counsel would expend only approximately 1540 hours litigating this case through judgment.

14. The estimated costs for compliance with the requested injunctive and declaratory relief combined with the amount in attorneys' fees Plaintiff may seek if she litigates this case through trial show that the amount in controversy easily exceeds $5,000,000.

    **C.**    **There Are at Least 100 Members of the Proposed Class.**

15. CAFA confers jurisdiction over class actions with at least 100 proposed class members. 28 U.S.C. § 1332(d)(5)(B).

16. Plaintiff asserts that she intends to bring a class action on behalf of a purported class of "[a]ll persons in Pennsylvania who purchased one or more products from Defendant that (a) cost more than $15 and (b) included a written manufacturer's warranty." Complaint ¶ 44. Amazon has sold and shipped products that cost over $15 that are or were subject to a written warranty to more than 100 people in Pennsylvania.

    **D.**    **The Required Diversity Exists Between the Parties.**

17. A case satisfies CAFA's diversity requirement as long as one plaintiff's or class member's citizenship differs from that of the defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

18. Here, all members of the proposed class are citizens of Pennsylvania. Complaint ¶ 44.

19. Amazon is not a citizen of Pennsylvania. Amazon, at the time the Action was filed and at the time of filing for this notice of removal, was and is a Delaware company having its principal place of business in Washington. *See* Pennsylvania Secretary of State Website Entry for Amazon.com Services LLC, attached as **Exhibit B**; *see also* Complaint ¶ 10.

### III. Removal Is Also Proper Under 28 U.S.C. § 1332(a).

20. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Amazon, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

#### A. Complete Diversity of Citizenship Exists.

21. The Complaint alleges that Plaintiff resides in Allegheny County, Pennsylvania, and is an adequate and typical representative of a class consisting solely of citizens of Pennsylvania. Complaint ¶¶ 9, 44, 49–50. The Complaint by implication therefore identifies Plaintiff as a citizen of Pennsylvania.

22. For the reasons discussed above, *supra* ¶ 19, Amazon is a citizen of the state of Washington or Delaware for purposes of analyzing diversity jurisdiction.

23. Because Plaintiff and Amazon are citizens of different states, complete diversity of citizenship exists for jurisdictional purposes.

#### B. The Amount in Controversy Requirement Is Satisfied.

24. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

25. As discussed above, the value of the injunctive and declaratory relief Plaintiff seeks here is alone well in excess of $75,000.[3]

26. Statutory attorney fees are considered when determining whether the amount in controversy is satisfied under 28 U.S.C. § 1332(a). *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), *as amended* (Feb. 18, 1997). Here, the average rate for attorneys' fees in the area

---

[3] Amazon recognizes that in applying section 1332(a) for individual diversity jurisdiction, the Third Circuit considers the objective value of the relief sought by the plaintiff, *In re Corestates Trust Fee Litigation*, 39 F.3d 61, 65 (3d Cir. 1994)—a standard that has been interpreted by some courts to exclude compliance costs. That view departs from a number of other courts and is one that Amazon respectfully contends to be incorrect. Nonetheless, it is unnecessary to be concerned with the impact of that departure in this case because Plaintiff's request for statutory attorneys' fees clearly puts the amount in controversy over the jurisdictional threshold.

is roughly $485 to $700 per hour. *Supra* ¶ 13. At that rate, the $75,000 threshold is met if Plaintiff's counsel spends just 108 to 155 hours on this case. Counsel may already have spent nearly that much time on preliminary investigation, preparation, and filing of the Complaint and will inevitably expend more than that amount litigating Plaintiff's claim through trial, even if only on an individual basis. Thus, the request for fees alone is sufficient to satisfy the $75,000 amount-in-controversy requirement.

**IV.     All Procedural Requirements Are Satisfied.**

27. Amazon files this Notice of Removal under 28 U.S.C. §§ 1441(a) and 1453 in the United States District Court for the Western District of Pennsylvania. Venue is proper because the Court of Common Pleas of Allegheny County, Pennsylvania, is within this district.

28. Amazon was served with the Complaint on July 28, 2022. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of the Complaint as calculated under the Federal Rules of Civil Procedure.

29. In accordance with 28 U.S.C. § 1446(a), a copy of the state court docket sheet and copies of all process, pleadings, and orders served on Amazon in the state court action are attached as **Exhibit C** and **Exhibit D**, respectively.

30. By filing this Notice of Removal, Amazon does not waive any defense that may be available to it, and Amazon expressly reserves all such defenses, including those related to personal jurisdiction and service of process.

31. If any question arises as to propriety of removal to this Court, Amazon requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

32. Pursuant to 28 U.S.C. § 1446(d), Amazon will promptly file a copy of this Notice of Removal with the clerk of the state court where the lawsuit has been pending and serve notice of the filing of this Notice of Removal on Plaintiff.

33. Amazon reserves the right to amend or further supplement this Notice.

WHEREFORE, Amazon removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania to this Court.

Dated: August 24, 2022

By: /s/ Laura K. Veith
Michael S. Nelson, Esq.
Pa. Bar No. 78846
michael.nelson@klgates.com
Laura K. Veith
Pa. Bar No. 321680
laura.veith@klgates.com
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
T: (412) 355-6500
F: (412) 355-6501

Kathryn E. Cahoy (pro hac vice application *to be filed*)
kcahoy@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, CA 94306
Tel: (650) 632-4700
Fax: (650) 632-4800
*Counsel for Defendant Amazon.com Services LLC*